OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



August 10, 2000

The Honorable Susan Combs
Commissioner
Texas Department of Agriculture
1700 North Congress Avenue
Room 933
Austin, Texas 78701

Opinion No. JC-0267

Re: Construction of section 58.014(b), Agriculture Code, which relates to the voting procedures of the board of the Texas Agricultural Finance Authority (RQ-0188-JC)

Dear Commissioner Combs:

You have asked this office to construe section 58.014(b) of the Agriculture Code, which concerns the decision-making procedures of the Texas Agricultural Finance Authority (the "TAFA"). The statutory language permits such decisions by the "affirmative vote of at least three" members of a nine-member board. TEX. AGRIC. CODE ANN. § 58.014(b) (Vernon Supp. 2000). We do not read this language to permit a minority of board members to countermand a majority. Such a result is not required by the plain language of the statute and would, as you suggest, be absurd. On the other hand, given the unamended language of section 58.014(b) of the Agriculture Code, it is possible for an affirmative vote of three members of the TAFA to pass a resolution when those three members constitute a majority of a quorum of the board. This result, while anomalous, is not absurd. While the statutory language at issue may have been a matter of legislative oversight, the correction of such oversight, if any, is a matter for the legislature.

Section 58.014(b) provides, "A majority of the voting membership of the board constitutes a quorum. The board shall act by adopting resolutions. *The affirmative vote of at least three directors is necessary to adopt a resolution." Id.* (emphasis added). As you point out, when this provision was adopted, the board consisted of six members. In 1993, however, the legislature increased the board membership to nine. *See* Act of May 24, 1993, 73d Leg., R.S., ch. 538, § 1, 1993 Tex. Gen. Laws 2020 (amending section 58.012). It did not, however, amend the language of section 58.014(b). Accordingly, as you note, "it is possible for a resolution to be adopted or enacted and Board action taken by approval of only one-third of the TAFA Board, clearly not a quorum (or majority) of the entire Board." Letter from Honorable Susan Combs, Commissioner, Texas Department of Agriculture, to Honorable John Cornyn, Texas Attorney General, at 1 (Feb. 17, 2000) (on file with Opinion Committee).

As we conceive it, the possible ways in which your concern could eventuate may be divided into three logical categories. In the first, three members of the board approve a resolution while a

majority vote otherwise, and the three assert that pursuant to the last sentence of section 58.014(b) their action constitutes approval. In the second, three members of the board vote contrary to a majority vote of approval and assert that their action constitutes a veto. In the third, three members constituting a majority of the voting members present vote in favor of or against a resolution. These constitute the possible logical permutations. (For the sake of convenience, we will not consider all of the possible numerical permutations.)

While we agree with your suggestion that the results in which a minority overrules a majority are absurd, we do not believe it is necessary to invoke the absurd result rule to gainsay these possible interpretations because the statutory language does not necessitate them. The sentence in question does not say that three members may adopt a resolution; it says that "at least three" may. TEX. AGRIC. CODE ANN. § 58.014(b) (Vernon Supp. 2000). In either of these situations, the board majority itself, as well as the three member minority, constitutes "at least three directors." Accordingly, we construe section 58.014(b) as requiring for the adoption of a resolution the approval of a majority of the board members voting on it, which majority will consist of "at least three directors."

The third possibility, in which three members of the board constitute a voting majority of those present, can occur only when a bare quorum of the board – five members – votes. Pursuant to the first sentence of section 58.014(b), "A majority of the voting membership of the board constitutes a quorum." *Id.* In this situation a decision could be made by a majority of the quorum who nevertheless constituted only a third of the full board. Such a situation, while anomalous, is not absurd.

This anomalous result may well not have been intended by the legislature, as you suggest. There is no legislative history to the contrary of which we are aware. Even presuming that the legislature simply overlooked the necessity of amending the final sentence of section 58.014(b) by changing the word "three" to "five," however, courts have long held that the correction of such omissions and oversights is a matter for the legislature. *See Gilmore v. Waples*, 188 S.W. 1037, 1039 (Tex. 1916) (It is not the function of the judiciary to "correct what they may deem excesses or omissions in legislation."). This office cannot usurp that role.

Accordingly, we conclude that the language of section 58.014(b) of the Agriculture Code does not permit a minority of the board of the TAFA to overrule the decision of a majority. That language does, however, permit an affirmative vote of three members of the board to pass a resolution when those three members constitute a voting majority of a quorum of the board. While this result may have been the result of legislative oversight, the correction of such oversight, if any, is a matter for the legislature.

## S U M M A R Y

Given the unamended language of section 58.014(b) of the Agriculture Code, it is possible for an affirmative vote of three members of the Texas Agricultural Finance Authority to pass a resolution when those three members constitute a majority of a quorum of the board. While the statutory language at issue may have been a matter of legislative oversight, the correction of such oversight, if any, is a matter for the legislature.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee